UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JODY K. WILLIAMS,                )
                                 )  No. CV-07-0321-CI
          Plaintiff,             )
                                 )  ORDER DENYING PLAINTIFF'S
     v.                          )  MOTION FOR SUMMARY JUDGMENT
                                 )  AND DIRECTING ENTRY OF
MICHAEL J. ASTRUE,               )  JUDGMENT FOR DEFENDANT
Commissioner of Social           )
Security,                        )
                                 )
          Defendant.             )
                                 )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 12, 16.)  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 7.)  Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney David M. Blume represents Defendant.  After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment in favor of Defendant.

     Plaintiff protectively filed for disability insurance benefits on May 23, 2003, and filed for Supplemental Security Income (SSI) benefits on May 30, 2003, alleging an onset date June 2, 2002.  (Tr. 86, 403.)  She claims disability due to diabetes, neck problems, hand surgeries, rib removal, thyroid problems, and irritable bowel syndrome (IBS).  (Tr. 58, 69.)  Following a denial of benefits and reconsideration, a hearing was held before Administrative Law Judge (ALJ) Paul Gaughen.  (Tr. 601-35.)  The ALJ denied benefits and

Plaintiff requested review by the Appeals Council. Plaintiff submitted additional medical evidence to the Appeals Council, which it considered before denying her request for review. (Tr. 8-14, 411-599.) This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The detailed facts of the case are found in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 46 years old, had an eighth or ninth grade education and lived alone in an apartment. (Tr. 75, 605, 616.) She testified she could read and write and was able to care for her personal needs, including cooking, grocery shopping, cleaning her apartment and some light gardening. She did not drive and stated she got help with household chores from her daughter and the neighbors. (Tr. 605, 614-17.) She had past work experience as a housekeeping inspector, housekeeping cleaner, laundry worker and nursing home cleaner. (Tr. 70, 78-83, 621.) At the hearing, she testified she could sit for one half hour, stand for one half hour and walk for about a block and a half before her pain became severe. (Tr. 609.) She stated she had to put her feet up two or three times a day for a half hour to an hour due to swelling. (Tr. 613.) She also stated she could lift about a gallon of milk with her right hand without pain, but had no problems with her left hand. (Tr. 610.)

## ADMINISTRATIVE DECISION

At step one of the sequential evaluation, the ALJ concluded Plaintiff had not engaged in substantial gainful activity. (Tr. 33.) At step two, he found Plaintiff had the severe impairments of

"diabetes mellitus type II (insulin dependent), under variable control, right upper extremity impairment, and vascular disease of the extremities with bilateral lower extremity venous changes (cellulitis). (Tr. 30.) At step three, he found these impairments did not meet the requirements of 20 C.F.R. Part 404, Subp. P, Appendix 1 (Listings). (Tr. 33.) At step four, ALJ Gaughen made the following residual functional capacity (RFC) finding:

> Claimant retains the residual functional capacity to lift or carry up to 15 pounds, but is unable to do so over the shoulder with the dominant right upper extremity. She is unable to be on her feet, standing or walking, for more than 1 hour at a time in an 8-hour day. She can sit 1 hour at a time and needs a sit/stand option. She needs regular work hours with set breaks. She should avoid work at unprotected heights.

(Tr. 31, 33-34.)

Based on the record and testimony from a vocational expert, the ALJ determined Plaintiff could no longer perform past relevant work. At the hearing, the ALJ propounded a hypothetical question to vocational expert Deborah N. Lapoint, which included the RFC limitations listed above. (Tr. 621.) The vocational expert testified there were jobs available the Plaintiff could perform, including parking lot attendant, seated cashier, office helper, and production assembler. (Tr. 623.) At step five, the ALJ found although Plaintiff could not perform the full range of light work, she was capable of performing other work in the regional and national economy, therefore she was not under at "disability" as defined by the Social Security Act. (Tr. 34.)

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

whether that decision was based on proper legal standards. Specifically, Plaintiff asserts the ALJ erred when he (1) failed to fully develop the record; (2) failed to give appropriate weight to the nurse practitioner who treated Plaintiff; and (3) improperly rejected Plaintiff's pain and symptom testimony.  (Ct. Rec. 13 at 7.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging in "any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**DISCUSSION**

1. <u>Credibility</u>

Plaintiff contends the ALJ erred in rejecting her allegations of pain and functional limitations. (Ct. Rec. 13 at 12.) The ALJ must engage in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the claimant must produce objective medical evidence of an underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986). Once the *Cotton* test is met, the ALJ must evaluate the credibility of the claimant. *Smolen,* 80 F.3d at 1281-82. If there is no affirmative evidence of malingering, the ALJ must provide "clear and convincing"

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 5

reasons for rejecting Plaintiff's pain and/or symptom testimony. *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001); *Smolen*, 80 F.3d at 1283-84.  The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness; inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct; [claimant's] daily activities; [his/her] work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Social Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing.  *See Morgan*, 169 F.3d at 600.  If a reason given by the ALJ is not supported by the evidence, the ALJ's decision may be supported under a harmless error standard.  *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Secretary of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984).

Here, after summarizing the medical record, the ALJ considered Plaintiff's complaints, "including pain" and found Plaintiff's statements "concerning her impairments and their impact on her ability to work are not entirely credible." (Tr. 31, 32.)  He specifically discounted her testimony "in light of discrepancies between her assertions and information contained in her documentary reports," citing to her daily activities questionnaire and her pain questionnaire.  (Tr. 31, 90-94, 102-04.)  The ALJ also found there was no medically determinable impairment to explain Plaintiff's complaints of back and neck impairments that would prevent her from

sustained sitting.  He found imaging reports of her back showed minimal to no impairment, and the record indicated her symptoms were treated effectively with medication.  These specific findings are supported by substantial evidence.  (Tr. 28, 29, 31, 114, 132-36, 165-66, 180-83, 274, 484.)

In July 2004, and July 2005, Bruce Becker, M.D., Plaintiff's treating physician, noted Plaintiff was responding well to pain medication, but was not benefitting from physical therapy due to uncontrolled diabetes complications.  (Tr. 478, 484.)  However, in February 2005, Plaintiff had reported to nurse practitioner Nancy Wickre, that she liked to stay active "doing gardening, housework and walking."  (Tr. 367.)  At that time, Ms. Wickre observed Plaintiff's blood sugar levels and lower extremity cellulitis were "much improved" on her current medication.  (Tr. 367.)

The ALJ also noted several inconsistences in Plaintiff's reports to third parties.  Specifically, he cited Plaintiff's reports to examining physician Diane Rubin, M.D., that she could grocery shop by herself, drive up to 30 minutes and occasionally walk up to three blocks.  (Tr. 31, 181.)  Although she reported to Dr. Rubin in December 2003 that she could no longer swim, in July 2004, she told hospital emergency room personnel that she injured her rib while swimming at the lake.  (Tr. 181, 340.)  The ALJ gave sufficient "clear and convincing" reasons, supported by substantial evidence, to discount Plaintiff's symptom testimony.  *Batson v. Comm. of the Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004).

2.   New Evidence

In this circuit, when the Appeals Council specifically considers new evidence in the context of denying the claimant's

request for review, "we consider the rulings of both the ALJ and the Appeals Council," and the record before the reviewing court includes the ALJ's decision as well as the new evidence. *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). The Appeals Council shall consider "new and material" evidence only if such evidence relates to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970; *Bates v. Sullivan*, 894 F.2d 1059, 1064 (9th Cir. 1990), *overruled on other grounds*, *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991). Ordinarily, the district court may remand a case to the Commissioner in light of new evidence only if the evidence is new and material and if there is good cause why it was not previously presented to the ALJ. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001); *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984). If the new evidence shows there is a reasonable possibility that it would change the outcome of the ALJ's determination, then remand is appropriate to allow the ALJ to consider the evidence. However, if the substantial weight of the evidence is irrefutably clear that the claimant *is* disabled, then a remand for benefits is appropriate. *Mayes*, 276 F.3d at 462.

As mentioned above, Plaintiff submitted additional medical records which were considered by the Appeals Council. (Tr. 411-549.) The newly submitted evidence includes medical records from June 2000 to April 26, 2006, and contains treatment notes and reports from primary care ARNP Jolie Ewart, ARNP Nancy Wickre (who treated Plaintiff's diabetes), Dr. Becker, imaging reports and emergency room reports. The Appeals Council considered the evidence

1  and found it did not indicate a worsening of Plaintiff's condition

2  and did not warrant a change in the ALJ's determination.   (Tr. 8-

3  10.)   Because the new evidence was considered, those records

4  pertaining to the period before the ALJ rendered his opinion are

5  relevant to the claim and are part of the record subject to *de novo*

6  review by the district court.

7      The court has reviewed the entire medical record, including the

8  new evidence.   In December 2003, Plaintiff saw Dr. Rubin for a

9  thorough physical examination.   Dr. Rubin concluded as follows:

> Based on the objective findings, [Plaintiff] can't use her
> RUE [right upper extremity] above shoulder height.   Her
> RUE push/pull at or below shoulder height should be
> limited to occasionally.   Her lift/carry should be limited
> to 15-20 lbs. occasionally (predominately one armed
> lifting).   There were no observed fingering, feeling or
> manipulation limitations.   She does have evidence of
> bilateral LE [left extremity] venous stasis changes which
> would limit her stand/walk to 3-4 hours distributed
> throughout an 8 hour work day and her use of stairs,
> kneeling, crawling and crouching should be limited to
> occasionally.   She should avoid ladders.   There were no
> sitting or communication limitations.

17  (Tr. 183.)   Imaging reports from 2004 showed no right lower

18  extremity deficits and mild to minimal changes in her cervical

19  spine.   (Tr. 29, 269, 274.)   Plaintiff also saw Dr. Becker in July

20  2004, April, June, and October 2005, and April 2006 for right

21  shoulder pain and cervical degenerative disc disease.   (Tr. 112,

22  220-35, 477-78, 484.)   In June 2005, Dr. Becker reported Plaintiff's

23  pain issues improved with physical therapy and medication management

24  and noted she was doing well with decreased pain, less swelling in

25  her ankles and feet, and a tight right shoulder.   He noted her lower

26  extremity exam was "unremarkable" and recommended a decrease in pain

27  medication and continued home exercises for her shoulder.   (Tr.

28  484.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 9

In August 2003, Ms. Ewart reported Plaintiff should be able to work in three months if she followed her physical therapy regime. (Tr. 415.)  In December 2005, she reported Plaintiff's diabetes would affect her standing and walking, but the impact on Plaintiff's ability to perform work tasks would be "none." (Tr. 509.)  She also reported Plaintiff's cervical disc degeneration would affect her handling and carrying, and have "moderate" impact on her ability to perform work activities. (*Id.*)  Neither treating provider indicated Plaintiff was unable to work.  Rather, in September 2004, Ms. Ewart completed a physical evaluation form for state benefits and opined Plaintiff could perform "light work"; in March and December 2005, she concluded Plaintiff was capable of participating in pre-employment activities and could perform "sedentary work" with restrictions in pushing, pulling, climbing and reaching. (Tr. 208, 215, 509.)[1]

The opinions of Ms. Ewart and Dr. Becker, including their reports contained in the new evidence, are substantially consistent with examining physician Dr. Rubin's evaluation and the ALJ's final

---

[1] In the state physical evaluation forms, "light work" is defined as the ability to lift 20 pounds maximum, frequently lift and/or carry up to 10 pounds, possibly require walking or standing up to 6 hours out of an 8-hour day, involve sitting most of the time with occasional pushing and pulling with arm or leg controls. "Sedentary work" is defined in the form as "the ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools.  A sedentary job may require sitting, walking and standing for brief periods." (Tr. 509.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

RFC.   It is well-settled that the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p.  The final determination regarding a claimant's ability to perform basic work is the sole responsibility of the Commissioner.   20 C.F.R. § 416.946; *SSR* 96-5p (RFC assessment is an administrative finding of fact reserved to the Commissioner).    Further, where ALJ's determination is a rational interpretation of the evidence, the court will not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097. Because there is not a reasonable possibility that the new evidence would change the outcome of the case, remand for consideration of Ms. Ewart's clinic notes and reports and other material new evidence is not warranted. *Mayes*, 276 F.3d at 462.

3.  <u>ALJ's Duty to Develop the Record</u>

In Social Security proceedings, the burden of proof is on the claimant to prove the existence of a severe physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908. As a threshold to establishing an impairment, it is the claimant's responsibility to produce sufficient objective medical evidence of underlying impairment to show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Cotton*, 799 F.2d 1403.

Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical

history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 404.1512 (d), 416.912 (d). An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 4509-60 (9th Cir. 2001) *(citing Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001)).

At the hearing, the ALJ indicated additional records would be sought from Nancy Wickre, the ARNP who treated Plaintiff's diabetes. (Tr. 630.) The request to Ms. Wickre for information was denied and additional records were not requested from Ms. Ewart. (Tr. 382-91.) Plaintiff argues the ALJ erred when he did not supplement the record. Although Plaintiff does not specify which opinions the ALJ failed to consider, she argues the ALJ did not give proper weight to Ms. Ewart's opinions. (Ct. Rec. 13 at 10-11.)

As discussed above, additional records from Ms. Ewart and other providers were received by the ALJ and considered by the Appeals Council. These records are substantially consistent with records considered by the ALJ in his sequential evaluation and fully develop the record. It is also noted that Ms. Ewart's observations and findings are substantially consistent with the ALJ's findings and, therefore, there was no need to give germane reasons for rejecting them.

Moreover, Ms. Ewart is not an acceptable medical source, and her opinions are not entitled to the weight accorded a treating physician. Plaintiff offers no legal support for her argument that Ms. Ewart should be considered a treating physician. Social

Security Regulations governing treatment of acceptable medical opinions do not apply to a nurse practitioner's opinions. 20 C.F.R. § 404.1527, 416.927. Rather, as a nurse practitioner, Ms. Ewart is considered an "other source." 20 C.F.R. §§ 404.1513 (d), 416.913 (d) (evidence from other sources is used to show severity and how it affects ability to work). As such, Ms. Ewart's opinions must be considered by the ALJ in his determination and, if rejected, the ALJ must give reasons that are germane to Ms. Ewart. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).

Here, Ms. Ewart's observations and assessments were considered by the ALJ, given "great weight" and incorporated substantially into his RFC determination.[2] Specifically, the ALJ's final RFC determination that Plaintiff could not lift over her shoulder with her right hand, could carry and lift up to 15 pounds, should not be on her feet for more than an hour, should have normal breaks and a sit/stand option, and was capable of a limited level of light work, is consistent with Ms. Ewart's treatment notes and evaluation forms

---

[2] Ms. Ewart's "other source" opinion that Plaintiff was "disabled" on the Spokane Housing Authority verification form (dated November 2004) is not controlling or given special significance. (Tr. 275.) Further, it conflicts directly with her September 30, 2004, opinion that Plaintiff could perform "light work." (Tr. 208.) Even if Ms. Ewart were considered an acceptable medical source, the Regulations clearly state that an opinion by a medical source that a claimant is "disabled" is not controlling because it is an opinion reserved to the Commissioner in Social Security proceedings. 20 C.F.R. §§ 404.1527 (e), 416.927 (e).

in the entire record before this court.    (Tr. 33-34, 194-97, 200-03, 206-09, 213-16, 507-10.)

The record before the ALJ did not include conflicting or ambiguous evidence, and the new evidence considered by the Appeals Court and reviewed by this court does not raise new issues.  Because there is no conflict or ambiguity, and the evidence on review is consistent with the ALJ's determination, remand is not necessary.  Accordingly,

**IT IS ORDERED**:

1.    Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED**.

2.    Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 16)** is **GRANTED**.

3.    The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED October 3, 2008.


<u>        S/ CYNTHIA IMBROGNO        </u>
UNITED STATES MAGISTRATE JUDGE